

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
FEB 2  2010
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

Jennifer Hooper, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:10-CV-70
) Varlan / Guyton
GC Services Limited Partnership; )
Mike Stubbs ; John Casetta; ) **JURY OF 12 DEMANDED**
Brenda Fox; Jimmy Gonzalez; )
Adelaida Stanescu; and Bobby Crass )
)
    Defendants. )
_____ )

## COMPLAINT

### Introduction

1. This action arises out of the repeated violations by the Defendants of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.*, and of the invasion of Plaintiff's privacy by the Defendants in their illegal efforts to collect a consumer debt.

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for state law claims.

3. Venue in this District is proper because the acts complained of occurred in this District, Plaintiff resides in this District, and the Defendants engage in business in this District.

### Parties

4. Plaintiff is an individual resident of Roane County, Tennessee.

5. Defendant GC Services Limited Partnership ("GC Services") is, upon information and belief, a limited partnership organized in Delaware. GC Services may be served by service upon Defendant's registered agent, CT Corporation System, at 800 S. Gay St., Suite 2021, Knoxville, TN 37929.

6. Defendant Mike Stubbs is an individual, who, upon information and belief is named Mike Stubbs or Michael Stubbs, and who may be served, upon information and belief, at his place of employment at 4454 North Broadway Northgate Plaza Knoxville, TN 37917.

7. Defendant John Casetta is an individual, who, upon information and belief has the last name Casetta (or a similar sounding last name) (Plaintiff uses the first name "John" as a substitute for Defendant Casetta's unknown first name) and who may be served, upon information and belief, at his place of employment at 4454 North Broadway Northgate Plaza Knoxville, TN 37917.

8. Defendant Brenda Fox is an individual, who, upon information and belief, is named Brenda Fox and who may be served, upon information and belief, at her place of employment at 4454 North Broadway Northgate Plaza Knoxville, TN 37917.

9. Defendant Jimmy Gonzalez is an individual, who, upon information and belief, is named James Gonzalez (or a similar sounding last name), Jimmy Gonzalez (or a similar sounding last name), or Juan Gonzalez (or a similar sounding last name) and who may be served, upon information and belief, at his place of employment at 4454 North Broadway Northgate Plaza Knoxville, TN 37917.

10. Defendant Adelaida Stanescu is an individual resident of the State of Tennessee who may be served, upon information and belief, at her place of employment

at 4454 North Broadway Northgate Plaza Knoxville, TN 37917, or at her home, 2700 Beartooth Way, Knoxville, TN 37924.

11. Defendant Bobby Crass is a male or female individual who, upon information and belief, has the last name Crass (Plaintiff uses the first name "Bobby" as a substitute for Defendant Crass's unknown first name), is a resident of the United States, and who may be served, upon information and belief, at his or her place of employment at 4454 North Broadway Northgate Plaza Knoxville, TN 37917.

12. All of the Defendants other than GC Services were, at the time of the events complained of herein, agents or employees of Defendant GC Services, and engaged in all of the acts complained of herein in that capacity for the benefit of Defendant GC Services.

13. Accordingly, Defendant GC Services is liable under the doctrine of *respondeat superior* for all of the Defendants' acts complained of herein.

14. At the time of the events complained of herein, each of the Defendants regularly collected or attempted to collect, directly or indirectly, obligations or alleged obligations of consumers to pay money arising out of transactions in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purpose, and which obligation was owed or due or asserted to be owed or due to a person other than the Defendants.

15. In other words, at the time of the events complained of herein, each of the Defendants was a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

## Facts

16. Defendants attempted to collect from Plaintiff an alleged student loan debt that Plaintiff allegedly owes ("Debt").

17. This Debt was incurred by Plaintiff for personal, family, or household purposes.

18. Defendants each asserted to Plaintiff that the Debt was owed by Plaintiff to a person other than the Defendants.

19. Defendants Mike Stubbs, John Casetta, Brenda Fox, Jimmy Gonzalez, and Adi Stanescu (the "Caller Defendants") made and attempted to make numerous calls to Plaintiff in which the Caller Defendants attempted to collect the Debt.

20. Each of the Caller Defendants made calls to Plaintiff at her place of employment on her employer's telephone number.

21. Numerous other calls were made to Plaintiff on her cell phone at times the Caller Defendants knew Plaintiff was at work.

22. Plaintiff repeatedly informed the Caller Defendants that Plaintiff's employer prohibited Plaintiff from receiving business or collection calls, and from spending any time on such calls while Plaintiff was at her place of employment.

23. Further, the Caller Defendants each had reason to believe that Plaintiff's employer prohibited Plaintiff from receiving business or collection calls, and from spending any time on such calls while Plaintiff was at her place of employment.

24. However, nevertheless, each Caller Defendant called Plaintiff's employer's phone number in an attempt to reach Plaintiff at work or otherwise illegally attempt to communicate with other persons at Plaintiff's place of employment.

25. Further, Defendant Stanescu spoke with Plaintiff's supervisor for the purpose of having Plaintiff's supervisor speak with Plaintiff about the Debt.

26. Stanescu told Plaintiff's supervisor that a garnishment would be issued to Plaintiff's employer for Plaintiff's student loans but that Plaintiff "can call if she wants to intercept the garnishment."

27. Throughout their calls to attempt to collect the debt, the Caller Defendants made numerous false, deceptive, or misleading representations or means to attempt to collect the Debt, including but not limited to:

    a. Telling Plaintiff that a garnishment would be issued for Plaintiff's wages;

    b. Telling Plaintiff that Plaintiff's employer had provided GC Services with all the information needed to garnish Plaintiff's wages;

    c. Telling Plaintiff that the Caller Defendants and the U.S. Department of Education were "only punishing you at this point";

    d. Telling Plaintiff that GC Services would "garnish you forever, to be honest with you";

    e. Telling Plaintiff that GC Services would call Plaintiff's employer's payroll department.

28. The Caller Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse, including but not limited to using excessively angry tones (often yelling into the phone), refusing to end the phone call when Plaintiff told the Defendant Callers that she was at work and had to get off the phone, contacting Plaintiff's supervisor, and making the false, deceptive, or misleading representations listed above.

29. The Caller Defendants' calls to Plaintiff at her place of employment each violated 15 U.S.C. § 1692c(a)(3).

30. Defendant Stanescu's calls to Plaintiff's supervisor violated 15 U.S.C. § 1692b(2), 15 U.S.C. § 1692b(5) and 15 U.S.C. § 1692c(b)

31. The Caller Defendants' use of false, deceptive, or misleading representations or means to attempt to collect the Debt violated 15 U.S.C. § 1692e.

32. The Caller Defendants' engagement in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff violated 15 U.S.C. § 1692d.

33. Within thirty days of the receipt by Plaintiff of an initial communication notice that GC Services provided pursuant to 15 U.S.C. § 1692g(a), Plaintiff sent a letter to GC Services which stated that:

> "this is a request that you verify the amount of this debt and provide me with a complete verification of the alleged debt, including (A) the document or documents constituting or evidencing the alleged debt and any and all sales or other transfers of the debt, (B) a complete listing of all payments credited to such debt by date and amount, and (C) a complete explanation of all payment arrangements made to date on this alleged indebtedness. Further, please provide me with the exact corporate or other legal name of the original creditor, the current creditor, and any and all intermediate creditors."

34. However, in violation of 15 U.S.C. § 1692g(b), after receiving this letter from Plaintiff, GC Services, acting, upon information and belief, through Defendant Bobby Crass, continued to send collection letters to Plaintiff prior to even attempting to provide Plaintiff with the verification required by 15 U.S.C. § 1692g(b).

35. Further, although GC Services later sent some documents to Plaintiff, these documents were not a verification of the amount owed, and, specifically, did not address whether payment arrangements had previously been made.

36. Further, the documents were extremely confusing regarding what payments had been credited and what items charged to Plaintiff's account and when those payments and credits were applied.

37. Accordingly, the documents did not constitute a verification of the Debt as required under 15 U.S.C. § 1692g(b).

38. Despite failing to provide the required verification, Defendants GC Services and Bobby Crass continued to attempt to collect the Debt by sending Plaintiff mail.

39. Defendants violated Plaintiff's right to privacy, solitude and seclusion by repeatedly, abusively and illegally calling and otherwise contacting Plaintiff, in a manner that a reasonable person would find offensive, despite Plaintiff's numerous requests that Defendants cease their invasions of Plaintiff's privacy.

40. Defendants' numerous acts invading Plaintiff's privacy were all undertaken maliciously, intentionally and/or recklessly, and, accordingly, Defendants should be subjected to punitive damages to deter Defendants and other similarly situated individuals from engaging in such behavior.

Wherefore, Plaintiff prays that the Court:

A. Empanel a jury of 12 to try all issues of fact;

B. Grant Judgment against the Defendant:

   1. For compensatory damages, including compensation for anguish, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial, pursuant to the common law of invasion of privacy and 15 U.S.C. § 1692k(a)(1);

2. For statutory damages in an amount of up to $1,000 for each violation by each Defendant of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For Punitive damages in an amount to be proven at trial, pursuant to the common law of invasion of privacy; and

C. Award Plaintiff her costs in this cause, including but not limited to her reasonable attorney's fees and other litigation costs pursuant to 15 U.S.C. § 1692k(a)(3);

D. Tax the costs of the Court in this cause against the Defendants; and

E. Grant Plaintiff such other and further relief to which Plaintiff may be entitled or which the Court otherwise deems proper.

Respectfully submitted,

Mark N. Foster, BPR #023626
P.O. Box 192
Rockwood, TN 37854
(865) 354-3333
*Attorney for Plaintiff*